**UNITED BANK METRO, Appellant,**

v.

**PLAINS OVERSEAS GROUP, INC., et al., Appellees.**

**No. 01–82–0696–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 2, 1983.

Don M. Kennedy, R. Kenneth Keim, Houston, for appellant.

John Jones, Dallas, for appellees.

Before JACK SMITH, BASS and COHEN, JJ.

## OPINION

COHEN, Justice.

This case requires us to decide whether a cause of action under Tex.Rev.Civ.Stat. Ann. art. 3827a (Vernon 1980), commonly called the "turnover" statute, can be brought against one who is not a judgment debtor. Appellant brought suit against C. Benton Musslewhite and James W. Grafton, against whom they had obtained judgments for money damages, seeking various relief including injunction, receivership and turnover of assets. Appellants also sued Plains Overseas Group, Inc., (POGI) and Plains Overseas Export, Inc., (POEI) seeking the same relief under the turnover statute asserting that both corporations were alter egos of Musslewhite and Grafton and were being used to conceal and transfer fraudulently the assets of the individual judgment debtors, Musslewhite and Grafton. Neither POGI or POEI were judgment debtors of the appellant, nor had they been parties to the prior litigation with appellant.

The district court sustained the plea in abatement against appellant's claim for relief against POGI and POEI under art. 3827a, and severed such causes of action from other causes of action alleged against POGI, POEI, Musslewhite and Grafton upon other legal theories.

Article 3827a provides:

(a) A judgment creditor whose judgment debtor is the owner of property, including present or future rights to property, which cannot readily be attached or levied on by ordinary legal process and is not exempt from attachment, execution, and every type of seizure for the satisfaction of liabilities, is entitled to aid from a court of appropriate jurisdiction by injunction or otherwise in reaching the property to satisfy the judgment.

(b) The Court may order the property of the judgment debtor referred to in Subsection (a) of this section, together with all documents or records related to the property, that is in or subject to the possession or control of the judgment debtor to be turned over to any designated sheriff or constable for execution or otherwise applied toward the satisfaction of the judgment. The Court may enforce the order by proceedings for contempt or otherwise in case of refusal or disobedience.

(c) The Court may appoint a receiver of the property of the judgment debtor referred to in Subsection (a) of this section, with the power and authority to take possession of and sell the non-exempt property and to pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

(d) These proceedings may be brought by the judgment creditor in the same suit in which the judgment is rendered or in a new and independent suit.

(e) In a proceeding under this section, a judgment creditor is entitled to recover reasonable costs, including attorney's fees.

One respected commentator has written that, "These statutes should be liberally construed and harmonized with existing statutes and rules of procedure." Hittner, "Texas Post-Judgment Turnover and Receivership Statutes", 45 Tex.Bar J. 417 (1982).

The purpose of the turnover statute is stated in the Texas House and Senate Committee Reports:

The traditional methods of reaching property of a judgment debtor to satisfy a judgment have been found inadequate in cases where the judgment debtor has property outside the State of Texas, where the judgment debtor owns property interests in such items as contract rights receivable, accounts receivable, commissions receivable and similar acts

to property or rights to receive money at a future date.

Quoted in Hittner, supra.

Appellant has sought to go far beyond collection of an account receivable, commission receivable, contract right receivable, note receivable, or any similar right to future payment. Although neither POGI or POEI are judgment debtors, the appellant argues that they should be treated as judgment debtors, since they are merely alter egos of judgment debtors Grafton and Musslewhite. This argument would permit the appellant to skip the trial on the merits in this case with respect to the alter ego issue and declare itself the winner. In *Pace Corporation v. Jackson*, 155 Tex. 179, 284 S.W.2d 340, 351 (1955) the court stated:

> Courts will not disregard the corporate fiction and hold individual officers, directors or stockholders liable on the obligations of a corporation except where it appears that the individuals are using the corporate entity as a sham to perpetrate a fraud, to avoid personal liability, to avoid the effect of a statute, or in a few other exceptional situations.

See also *Tigrett v. Pointer*, 580 S.W.2d 375 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r. e.); *Karl & Kelly Company, et al. v. Clifford McLerran, et ux.*, 646 S.W.2d 174 (Tex.1983).

These cases show that our courts have been slow to disregard corporate entities, and have done so only after compelling evidence was produced at a trial, by jury if desired, on the merits. Texas Constitution, art. 1, § 15 and art. V, § 10 (Vernon 1955).

The language of art. 3827a indicates that it applies only against a judgment debtor. The first paragraph provides, "A judgment creditor whose *judgment debtor* is the owner of property, ... is entitled to aid from a court ... in reaching the property to satisfy the judgment." The second paragraph provides, "The court may order the property of the *judgment debtor* ... that is in or subject to the possession or control of the *judgment debtor* to be turned over ... or otherwise applied to-ward the satisfaction of the judgment." The third paragraph provides, "The court may appoint a receiver of the property of the *judgment debtor*...". We find nothing in the language of art. 3827a authorizing a remedy against anyone other than the judgment debtor. We find no authority in the statute or elsewhere for its use in the aggressive manner here attempted by appellant.

In the recent case of *Steenland v. Texas Commerce Bank*, 648 S.W.2d 387 (Tex. App.1983), the Bank brought suit under art. 3827a for appointment of a receiver to sell Steenland's homestead and apply the excess nonexempt value, which was to be determined by the court in a non-jury hearing, to satisfy a final judgment previously obtained by the Bank against Steenland. The court reversed the district court's judgment appointing a receiver and rendered judgment in favor of the judgment debtor, Steenland, for two reasons. First, the court held that Steenland was entitled to a trial on the merits on the issue of the amount of the excess nonexempt value of his homestead, since the trial on the underlying case did not include that issue. The court held that the Bank could not use a proceeding under art. 3827a for that purpose, but was required to secure a determination of excess homestead value by alleging and proving same in a separate suit, such as a suit to foreclose its judgment lien. Second, the court held that Steenland was entitled to a trial on the merits before a jury on the issue of the amount of the excess nonexempt homestead value and that the appointment of a receiver was premature until such a trial had occurred. The court stated:

> Article 3827a is a collection article, codified as a part of Title 56 of the revised civil statutes which deals solely with execution. It is purely procedural in nature, providing additional remedies to creditors which are cumulative of all existing processes available for the collection of judgments. It does not address the substantive law involved in determining the exempt and nonexempt status of the

homestead property. It provides no vehicle or procedure for *determining* excess value and is expressly applicable only to property which is nonexempt. Thus, the Bank must secure a determination of excess value by alleging and proving same in a separate suit such as a suit to foreclose its judgment lien. In such action a jury trial could be afforded where properly requested. Until such a determination is made, a homestead is exempt and no right to foreclose exists. In the instant case, Steenland was entitled to insist on a separate trial for a determination of the disputed excess value issue.

. . .

One of the inquiries which remains disputed and undetermined in the hearing before the court was the current value at the time of trial of the homestead lot exclusive of improvements. Having timely made his demand and deposit for a jury, we hold that Steenland had a right to a jury determination of this disputed and undetermined fact question . . . An answer to this fact question is necessary to ascertain the extent of Steenland's homestead exemption in the subject property. It is fundamental to our system of justice and the intention and policy of the law to permit all persons to have a trial by jury of disputed fact issues essential for a determination of their property rights. The right of trial by jury is a valuable right which should be guarded jealously by all State courts.

The *Steenland* case is a stronger case for the application of art. 3827a than is the instant case because it was a suit against a judgment debtor. Even so, art. 3827a was held not to apply because it permitted the Bank to proceed to post-judgment remedies without first prevailing at a trial on the issue of the amount of excess homestead value. If the statute does not permit such a proceeding even against a judgment debtor, it certainly cannot support a proceeding against appellees here, who are not judgment debtors until appellant succeeds in piercing the corporate veil in a separate trial. We construe art. 3827a as being

intended to facilitate collection of assets from the judgment debtor only and not from those unnamed in the prior suit, but now asserted to be engaged in a fraudulent conspiracy against judgment creditors.

Appellant's point of error is overruled.

The judgment of the district court is affirmed.