**CRAVENS, DARGAN & CO., Appellant,**

v.

**The PEYTON L. TRAVERS CO., INC. et. al., Appellees.**

**No. 01–88–00202–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 1, 1989.

C. Thomas Behrman, Houston, for appellant.

Carla M. Crisford, Asst. Atty. Gen., Jim Maddox, Atty. Gen., Austin, for appellees.

Before WARREN, DUNN and HUGHES, JJ.

WARREN, Justice.

This is an appeal from a judgment denying appellant relief under the turnover statute.

This case requires us to decide whether a cause of action under Texas Civil Practice & Remedies Code sec. 31.002 (Vernon 1986), commonly called the "turnover" statute, can be brought against the Texas State Board of Insurance (Board) to recover funds deposited with it by a judgment debtor. Secondly, we must decide whether appellant was required to first exhaust its administrative remedies by filing a claim with the agency before it sought relief from the courts.

Appellant asks this court to reverse and render relief in favor of appellant, and order the Board to turn over a $25,000 cashier's check paid it by the judgment debtor, The Peyton L. Travers Co. (Travers) pursuant to the provisions of the Insurance Code. We affirm the judgment of the trial court.

Travers was a local recording agent and placed insurance risks with appellant, a general agent, who in turn placed the risks with insurers. Appellant recovered a judgment on July 10, 1987, for $55,773.18, together with interest and costs, against Mr. Travers, personally, and The Peyton L. Travers Co. In 1981, pursuant to the licensing requirements of the State Board of Insurance found in Tex.Ins.Code Ann. art. 21.14, sec. 3(c)(3)(c) (Supp.1989), Travers was required to furnish proof of financial responsibility. Because Travers had failed to either furnish a bond or acceptable errors and omissions insurance coverage, the Board required Travers to post $25,000 in cash or securities to satisfy the financial responsibility requirements. On or about March 13, 1984, Travers forwarded a cashier's check in the amount of $25,000 payable to the State of Texas. After receiving the check, the Board did not deposit it with the State Treasury until ordered by the trial court on October 9, 1987. It is this cashier's check that appellant is attempting to obtain under the turnover statute.

Appellant filed its suit for turnover relief, pursuant to the turnover statute, Tex. Civ.Prac. and Rem.Code sec. 31.002 (Vernon 1986), on August 18, 1987. Although appellant had originally prayed that the undeposited cashier's check be endorsed over to it, the trial court ordered that it be deposited in the state treasury. On October 30, 1987, the trial court conducted an evidentiary hearing and denied the turnover relief requested. At the hearing, appellant entered into evidence the deposition

testimony of two Board employees who testified that the check was not deposited with the state treasury because Mr. Travers' signature on the requisite deposit form had not been obtained. Mr. A.J. Gonzales, staff attorney for the Board, testified as an expert witness for the Board regarding its procedures for depositing funds into the state treasury. He testified that it was not necessary to obtain the signature of Travers, that he had no difficulty depositing the funds in the state treasury, without the signature, pursuant to the court's order, and that it was a mistake that the check was not deposited when received. He also testified that the Board had received numerous complaints from customers of Travers, including a claim for $91,000, based on a final criminal conviction and order of restitution in Dallas County.

Appellant brings six points of error complaining that: (1) the trial court erred in denying the turnover relief requested; (2) the trial court erred in ordering that the cashier's check be deposited in the state treasury; (3) the trial court erred in failing to make the findings of facts and conclusions of law requested by appellant; (4) the trial court erred in making the findings of fact and conclusions of law it did because they were, either against the great weight and preponderance of the evidence, or not supported by any evidence; and (5) the trial court erred as a matter of law by holding in its judgment and conclusions of law that the $25,000 on deposit with appellee is not subject to turnover relief, that an administrative hearing is required, and that appellant has failed to exhaust its administrative remedies.

In its first, second, and sixth points of error, appellant complains that it was error for the trial court to deny its application for turnover relief, to order the funds deposited in the state treasury on October 9, 1987, and to find that an administrative hearing should be held.

There is a question concerning Travers' property rights in the $25,000 deposit. Art. 21.14, sec. 3(c)(3) of the Texas Insurance Code provides in pertinent part:

(c) The Board shall issue a license to a corporation if the Board finds:

(3) That such corporation will have the ability to pay any sums up to $25,000.00 which it might become legally obligated to pay on account of any claim made against it by any customer and caused by any negligent act, error or omission of the corporation or any person for whose acts the corporation is legally liable in the conduct of its business as a local recording agent. The term "customer" as used herein shall mean any person, firm or corporation to whom such corporation sells or attempts to sell a policy of insurance, or from whom such corporation accepts an application for insurance. Such ability shall be proven in one of the following ways:

(c) A deposit of cash or securities of the class authorized by Articles 2.08 and 2.10 of this Code, having a fair market value of $25,000.00 with the State Treasurer. The State Treasurer is hereby authorized and directed to accept and receive such deposit and hold it exclusively for the protection of any customer of such corporation recovering a final judgment against such corporation. Such deposit may be withdrawn only upon filing with the Board evidence satisfactory to it that the corporation has withdrawn from business, and has no unsecured liabilities outstanding, or that such corporation has provided for the protection of its customers by furnishing an error and omissions policy or a bond as hereinbefore provided. Securities so deposited may be exchanged from time to time for other qualified securities.

Appellant contends that (1) the Board could not deposit the funds in the state treasury without Travers' signature, therefore, the funds were always within the control of Travers, and (2) that they are entitled to the funds because they have obtained a final judgment. We disagree. As discussed below, the turnover statute allows appellant to obtain only property within the possession or control of the judgment debtor. The $25,000 was required to ensure Travers' ability to meet its

liabilities up to that amount. Its ownership rights ceased upon tendering the funds to appellee. Although Travers is no longer licensed to do business, its right to the deposit can not be regained until it proves to the Board that it has no outstanding unsecured liabilities or until it proves it has provided for the protection of its customers. The legislature has enacted the above statutory provisions to facilitate that process.

Texas Civil Practice & Remedies Code Ann. sec. 31.002 (Vernon 1986) provides in pertinent part:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

(1) cannot readily be attached or levied on by ordinary legal process; and

(2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b) The court may:

(1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution; ...

Appellant contends that the $25,000 deposit is owned by Travers and, because it was never deposited in the state treasury, it was always within Travers control. We disagree.

■ The turnover statute is purely procedural in nature. *Steenland v. Texas Commerce Bank Nat'l Assoc.*, 648 S.W.2d 387 (Tex.Civ.App.—Tyler 1983, writ ref'd n.r.e.). In *Steenland,* the bank brought suit under art. 3827a (now sec. 31.002) for appointment of a receiver to sell Steenland's homestead and apply the excess nonexempt value to satisfy a final judgment previously obtained by the bank against Steenland. The excess value was to be determined by the court in a non-jury hearing. The judgment debtor requested a jury

trial on the issue of excess value, but it was denied by the court. On appeal of the turnover order, the court held that the statute does not provide for the determination of the substantive rights of the parties and specifically, that it does not provide a vehicle for determining the exempt and nonexempt status of the homestead property:

It is purely procedural in nature, providing additional remedies to creditors which are cumulative of all existing processes available for the collection of judgments.... It provides no vehicle or procedure for determining excess values and is expressly applicable only to property which is nonexempt. Thus, the Bank must secure a determination of excess value by alleging and proving same in a separate suit such as a suit to foreclose its judgment lien. In such action a jury trial could be afforded where properly requested. In the instant case, Steenland was entitled to insist on a separate trial for a determination of the disputed excess value issue.

*Steenland v. Texas Commerce Bank,* 648 S.W.2d at 390.

In *United Bank Metro v. Plains Overseas Group, Inc.,* 670 S.W.2d 281 (Tex.App.—Houston [1st Dist.] 1983, no writ), we held that the turnover statute is a procedural remedy not intended to alter the substantive rights of the parties. In that case, the judgment creditor brought turnover proceedings against corporations alleged to be alter egos of the judgment debtors. The judgment creditor appealed the trial court's abatement of the turnover proceedings, and we affirmed. After a review of the legislative history and previous case law, we held that the turnover statute was not intended to allow the creditor to proceed against the corporations until it had successfully pierced the corporate veil in a separate trial. Thus, the procedural nature of the turnover statute is well settled. *See also Pace v. McEwan,* 617 S.W.2d 816 (Tex. Civ.App.—Houston [14th Dist.] 1981, no writ).

■ As the turnover statute is purely a procedural tool, it is not a device through

which we can determine the ownership of the deposited funds. If we afford the relief requested by appellant, we will be permitting it to bypass the statutory procedure established to determine the judgment debtor's right to regain the funds. At this time, neither the appellant nor Travers has petitioned the Board of Insurance to release the deposit. Mr. Gonzales indicated at the evidentiary hearing that the rights to the deposit will most probably be contested. If so, the proper procedure for the determination of ownership interests in the deposit will be for appellant to request an administrative hearing, as provided for in the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art 6252–13a (Supp.1988). If the decision from the administrative hearing is adverse to appellant, it can seek judicial review pursuant to Art. 6252–13a.

Appellant's first, second and sixth points of errors are overruled.

We hold that appellant must first exhaust its administrative remedies under the Administrative Procedure and Texas Register Act before it seeks relief in the courts. As our ruling is dispositive of the case, we need not consider appellant's other points of error except that pertaining to attorney's fees.

Appellant and appellee have requested attorney's fees for this appeal. However, both parties waived their attorney's fees in the trial court, and there is no testimony in the record before us upon which we could make an award. The requests for attorneys fees are denied.

The judgment of the trial court is affirmed.