Opinion issued December 19, 2002



  







In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00687-CV




BAY CITY PLASTICS, INC.; BRAZORIA COUNTY DISPOSAL
CORPORATION; FIMCO, INC.; FREEPORT IRON & METAL, INC.; THE
TRUSTEES OF THE LYSTER 1987 FAMILY TRUST; AND TRUSTEES OF THE
TESTAMENTARY TRUST UNDER THE WILL OF JAMES R. LYSTER,
Appellants

V.

HULEN DWAIN MCENTIRE AND SALLY MCENTIRE, Appellees




On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 93G0850




O P I N I O N
          In this case we decide whether a turnover order can be issued against third
parties. We hold that it cannot. The trial court signed a turnover order against
judgment debtors FIMCO, Inc. and Freeport Iron and Metal, Inc. (Freeport) and third
parties Bay City Plastics, Inc. and Brazoria County Disposal Corporation (BCDC). 
Tex. Civ. Prac. & Rem Code Ann. § 31.002(b) (Vernon Supp. 2002). Bay City
Plastics and BCDC, along with FIMCO, Freeport, and the trustees of James Lyster’s
testamentary trust and 1987 Family Trust (collectively “appellants”), challenge the
grant of the turnover order. Appellants bring six issues for our review, which can be
reduced to four issues that control the disposition of this case: (1) whether the trial
court erred in entering a turnover order against third parties Bay City Plastics and
BCDC; (2) whether the trial court erred in applying the turnover statute to assets held
by third parties; (3) whether the trial court erred in appointing a receiver to receive
and administer assets held by Bay City Plastics and BCDC; and (4) whether the trial
court erred in awarding attorney’s fees to appellees Hulen and Sally McEntire based,
in part, on the turnover order against Bay City Plastics and BCDC. 
          We reverse and remand.
FACTS
          The McEntires were awarded a judgment totaling $1,200,000 against Freeport
and FIMCO based on claims of breach of contract and fraud. James Lyster, who died
during the pendency of the case, was found to be the alter ego of Freeport and
FIMCO. The McEntires filed a motion for a turnover order against the trustees of
Lyster’s testamentary trust, the trustees of Lyster’s family trust, Betty D. Lyster, in
her capacity as independent executrix of Lyster’s estate, Bay City Plastics, and
BCDC. The McEntires alleged to the trial court that Lyster was the alter ego of third
parties Bay City Plastics and BCDC, and that the judgment debtor corporations,
Freeport and FIMCO, had fraudulently transferred assets to Bay City Plastics and
BCDC to preclude the McEntires from recovering on the judgment. 
          The trial court signed a turnover order against Freeport, FIMCO, Bay City
Plastics, and BCDC. The court held that it did not have jurisdiction to make a finding
of alter ego, or fraudulent conveyance, and could only order property turned over that
was owned by the judgment debtors. The trial court found that the judgment debtors
had “equitable ownership” in some of the property held by Bay City Plastics and
BCDC, and that the judgment debtors still owned property that was transferred to Bay
City Plastics and BCDC in “sham transactions.” The turnover order listed the
property owned by the judgment debtors and ordered Freeport, FIMCO, Bay City
Plastics, and BCDC to comply in turning the property over to the McEntires. FIMCO
and Freeport, as judgment debtors, were also ordered to pay $114,080.00 in attorney’s
fees to the McEntires.
Application of the Turnover Statute to Third Parties
          In their first issue, appellants argue that the trial court erred in ordering third
parties Bay City Plastics and BCDC to turn over assets because Civil Practice and
Remedies Code section 31.002, the turnover statute, authorizes such orders only
against judgment debtors. The statute provides in relevant part that, “[t]he court may:
(1) order the judgment debtor to turn over non-exempt property that is in the debtor’s
possession or is subject to the debtor’s control . . . .” Tex. Civ. Prac. & Rem Code
Ann. § 31.002(b) (Vernon Supp. 2002).
          The turnover statute allows courts to force judgment debtors to turn over
property to judgment creditors that cannot readily be attached or levied by ordinary
legal process. Tex. Civ. Prac. & Rem Code Ann. § 31.002(a) (Vernon Supp. 2002). 
The turnover statute is purely procedural in nature. Cravens, Dargan & Co. v. Peyton
L. Travers Co., 770 S.W.2d 573, 576 (Tex. App.—Houston [1st Dist.] 1989, writ
denied). We review the trial court’s application of the turnover statute under an
abuse-of-discretion standard. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226
(Tex. 1991). 
          In 1991, the Texas Supreme Court stated that “Texas courts do not apply the
turnover statute to non-judgment debtors.” Id. (citing Cravens, 770 S.W.2d at 576). 
Nevertheless, some courts of appeal have held that a court can issue a turnover order
against a third party when there are findings that the judgment debtor owns the
property and the property is in the judgment debtor’s possession or subject to his
control. See Dale v. Fin. Am. Corp., 929 S.W.2d 495, 498 (Tex. App.—Fort Worth
1996, writ denied); Int’l Paper Co. v. Garza, 872 S.W.2d 18, 19 (Tex. App.—Corpus
Christi 1994, no writ); Norsul Oil & Mining Ltd. v. Commercial Equip. Leasing Co.,
703 S.W.2d 345, 349 (Tex. App.—San Antonio 1985, no writ) (decided before
Buller). 
          Other courts of appeals, including this Court, have held that a trial court cannot
order a third party to turn over property. See Parks v. Parker, 957 S.W.2d 666, 668
(Tex. App.—Houston [14th Dist.] 1997, no pet.); Cravens, 770 S.W.2d at 576; United
Bank Metro v. Plains Overseas Group, Inc., 670 S.W.2d 281, 283 (Tex.
App.—Houston [1st Dist.] 1983, no writ); see also Cross, Kieschnick & Co. v.
Johnston, 892 S.W.2d 435, 439 (Tex. App.—San Antonio 1994, no writ) (citing
Cravens in support of proposition that turnover statute is purely procedural in nature
and not to be used to determine substantive rights of the parties, and holding that trial
court “erred by applying supplemented turnover statute to non-judgment debtors.”).
          A trial court cannot order a third party to turn over property because it is
improper to use a procedural statute to adjudicate the substantive rights of a third
party. See, e.g., United Bank Metro, 670 S.W.2d at 283 (explaining that if parties are
allowed to use turnover statute to obtain property of nonjudgment debtors based on
alter-ego theory, they would be allowed, in effect, to “skip the trial on the merits in
this case with respect to the alter ego issue and declare itself the winner.”).
          Here, the trial court’s turnover order against third parties Bay City Plastics and
BCDC was an adjudication of the substantive rights of those companies, and was not
permissible under the turnover statute. See Cravens, 770 S.W.2d at 576. 
Accordingly, we hold that the trial court abused its discretion in issuing a turnover
order against Bay City Plastics and BCDC.
          We sustain appellants’ first issue.
Application of the Turnover Statute to Assets Held by Third Parties
          In issues two through five, appellants argue that the trial court erred in applying
the turnover statute “in a manner making it applicable to assets in the possession of
the third party non-judgment debtors.” Appellants contend that the trial court should
not have made findings that the judgment debtors had an “equitable ownership” in
property held by Bay City Plastics and BCDC, or that the judgment debtors still
owned property that was previously transferred in “sham transactions.”
          Property owned by judgment debtors is not out of the reach of the turnover
statute merely because it is held by third parties. See Tex. Civ. Prac. & Rem Code
Ann. § 31.002(b)(1) (Vernon Supp. 2002) (court may order judgment debtor to turn
over property in debtor’s possession or subject to his control); Parks, 957 S.W.2d at
668 (“judgment debtor can also be ordered to turn over property, no matter who
possesses it, if the property is subject to his control.”). But the turnover statute
cannot be used to determine the rights of third parties. See Cravens, 770 S.W.2d at
576 (holding that turnover statute could not be used to reach funds deposited with a
state agency when right to funds would be contested); United Bank Metro, 670
S.W.2d at 284.
          The Fifth Circuit has considered whether the substantive rights of third parties
could be adjudicated by a turnover order. Resolution Trust Corp. v. Smith, 53 F.3d
72, 79-80 (5th Cir. 1995). The Resolution Trust Corporation was trying to collect a
judgment it had obtained against Mr. and Mrs. Smith. Id. at 74. The Smiths pledged
their stock, a substantial portion of their assets, to their attorney for legal services. 
Id. The federal district court held that the transfer of the stock was void and ordered
that the stock be turned over to a receiver. Id. The Fifth Circuit held that the trial
court did not err in ordering the Smiths to turn over their interest in the stock because
there was “no dispute” that the Smiths still had ownership rights in the stock, but it
was error for the trial court to void the pledge agreement between the Smiths and their
attorney because the substantive rights of the attorney, a nonjudgment debtor, were
adjudicated by that order. Id. at 78. While we are not bound by the Fifth Circuit’s
decision, we find its rationale to be persuasive. See Hayes v. Pin Oak Petroleum,
Inc., 798 S.W.2d 668, 672 n.5 (Tex. App.—Austin 1990, writ denied) (noting that
decisions of federal courts of appeals are not binding on Texas state courts). 
          Here, the trial court applied the turnover statute to property held by third parties
in which the third parties claimed ownership. For example, the trial court found that
FIMCO’s sale of assets to BCDC, which totaled approximately $364,000 worth of
inventory and equipment, was a sham transaction and was thus subject to the court’s
turnover order. The trial court’s turnover order also included assets Bay City Plastics
claimed to own, such as buildings, real property, and equipment. Accordingly,
because the ownership of the property was in dispute, and because the turnover
statute cannot be used to adjudicate the substantive rights of third parties, we hold
that the trial court erred in applying the turnover statute to that property. 
          We sustain appellants’ issues two through five.
Attorney’s Fees and Appointment of Receivers
          In issue six, appellants argue that because a turnover order cannot be issued
against third parties, or applied to property held by third parties who claim ownership
in the property, it was error for the trial court to appoint a receiver to receive and
administer assets held by Bay City Plastics and BCDC. Likewise, appellants argue
it was error for the trial court to award attorney’s fees to the McEntires based, in part,
on a turnover order against Bay City Plastics and BCDC. We agree.
          We sustain appellants’ sixth issue.Conclusion
          We reverse the trial court’s turnover order and remand the case to the trial
court.
 
 
                                                                        Sherry Radack
                                                                        Justice
Panel consists of Justices Nuchia, Jennings, and Radack.
Publish. Tex. R. App. P. 47.4.