Opinion issued May 1, 2003



  







In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00687-CV




BAY CITY PLASTICS, INC.; BRAZORIA COUNTY DISPOSAL
CORPORATION; FIMCO, INC.; FREEPORT IRON & METAL, INC.; THE
TRUSTEES OF THE LYSTER 1987 FAMILY TRUST; AND TRUSTEES OF THE
TESTAMENTARY TRUST UNDER THE WILL OF JAMES R. LYSTER,
Appellants

V.

HULEN DWAIN MCENTIRE AND SALLY MCENTIRE, Appellees




On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 93G0850




OPINION ON REHEARING
          Appellant’s motion for rehearing is denied. However, we withdraw our
opinion dated December 19, 2002 and issue this opinion in its place. The trial court
issued a turnover order against judgment debtors FIMCO, Inc. and Freeport Iron and
Metal, Inc. (Freeport), and third parties, Bay City Plastics, Inc. and Brazoria County
Disposal Corporation (BCDC). Tex. Civ. Prac. & Rem Code Ann. § 31.002(b)
(Vernon Supp. 2003). Bay City Plastics and BCDC, along with FIMCO, Freeport,
and the trustees of James Lyster’s testamentary trust and 1987 Family Trust
(collectively “appellants”), challenge the grant of the turnover order. Appellants
bring six issues for our review,


 which can be reduced to four issues that control the
disposition of this case: (1) whether the trial court erred in entering a turnover order
against third parties, Bay City Plastics and BCDC; (2) whether the trial court erred
in applying the turnover statute to assets held by third parties; (3) whether the trial
court erred in appointing a receiver to receive and administer assets held by Bay City
Plastics and BCDC; and (4) whether the trial court erred in awarding attorney’s fees
to appellees Hulen and Sally McEntire based, in part, on the turnover order against
Bay City Plastics and BCDC. 
          We reverse and remand.
FACTS
          The McEntires were awarded a judgment totaling $1,200,000 against Freeport
and FIMCO based on claims of breach of contract and fraud. James Lyster, who died
during the pendency of the case, was found to be the alter ego of Freeport and
FIMCO. The McEntires filed a motion for a turnover order against the trustees of
Lyster’s testamentary trust, the trustees of Lyster’s family trust, Betty D. Lyster, in
her capacity as independent executrix of Lyster’s estate, Bay City Plastics, and
BCDC. The McEntires alleged to the trial court that Lyster was the alter ego of third
parties, Bay City Plastics and BCDC, and that the judgment debtor corporations,
Freeport and FIMCO, had fraudulently transferred assets to Bay City Plastics and
BCDC to preclude the McEntires from recovering on the judgment. 
          The trial court signed a turnover order against Freeport, FIMCO, Bay City
Plastics, and BCDC. The court held that it did not have jurisdiction to make a finding
of alter ego, or fraudulent conveyance, and could only order property turned over that
was owned by the judgment debtors. The trial court found that the judgment debtors
had “equitable ownership” in some of the property held by Bay City Plastics and
BCDC, and that the judgment debtors still owned property that was transferred to Bay
City Plastics and BCDC in “sham transactions.” The turnover order listed the
property owned by the judgment debtors and ordered Freeport, FIMCO, Bay City
Plastics, and BCDC to comply in turning the property over to the McEntires. FIMCO
and Freeport, as judgment debtors, were also ordered to pay $114,080.00 in attorney’s
fees to the McEntires.
 
Application of the Turnover Statute to Third Parties
          In their first issue, appellants argue that the trial court erred in ordering third
parties, Bay City Plastics and BCDC, to turn over assets because Civil Practice and
Remedies Code section 31.002, the turnover statute, authorizes such orders against
judgment debtors only.
          The turnover statute provides in relevant part that, “[t]he court may: (1) order
the judgment debtor to turn over non-exempt property that is in the debtor’s
possession or is subject to the debtor’s control . . . .” Tex. Civ. Prac. & Rem Code
Ann. § 31.002(b) (Vernon Supp. 2003). The statute allows courts to force judgment
debtors to turn over property to judgment creditors that cannot readily be attached or
levied by ordinary legal process. Tex. Civ. Prac. & Rem Code Ann. § 31.002(a)
(Vernon Supp. 2003). We review the trial court’s application of the turnover statute
under an abuse-of-discretion standard. Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991). 
          In 1983, this Court held that relief under the turnover statute cannot be had
against one who is not a judgment debtor. United Bank Metro v. Plains Overseas
Group, 670 S.W.2d 281, 283 (Tex. App.—Houston [1st Dist.] 1983, no writ). In
1985, the San Antonio Court of Appeals held that third parties could be ordered to
turn over property under the turnover statute if it was shown that the property was
owned by the judgment debtor, and was subject to the judgment debtor’s control. 
Norsul Oil & Mining Ltd. v. Commercial Equip. Leasing Co., 703 S.W.2d 345, 349
(Tex. App.—San Antonio 1985, no writ). In 1989, our Court recognized the
exception to the general rule outlined in Norsul, but we declined to apply the
exception in that case because the third party involved did not possess the property. 
Detox Indus., Inc. v. Gullett, 770 S.W.2d 954, 958 (Tex. App.—Houston [1st Dist.]
1989, no writ). 
          In 1991, the Texas Supreme Court addressed the issue and stated that “Texas
courts do not apply the turnover statute to non-judgment debtors.” Buller, 806
S.W.2d at 226. During the same year, however, the Texas Supreme Court seemed to
indicate that a turnover order could be issued against one who was not a judgment
debtor. See Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas, 810 S.W.2d
738, 740 (Tex. 1991). In Schultz, the court stated the following with respect to
turnover orders:
It may be against one or more parties other than the judgment debtor. 
Upon proof of the necessary facts, it authorizes the trial court to order
affirmative action by the judgment debtor and others . . . Such an order
acts as a mandatory injunction against the judgment debtor and, if there
are such parties, against the receiver and any third parties interested in
the property rights being adjudicated. 

Id. In 1996, in Ex parte Swate, Justices Gonzalez and Owen, in a concurring opinion,
clarified the position of the court on that issue by stating the following:
A turnover statute is not a substitute for established remedies allowing
a creditor to reach property owned by the judgment debtor claimed to be
in the possession of a stranger to the lawsuit. A creditor may seek
garnishment against third parties or join them in a suit against the
debtor, and if successful, obtain a turnover order against the third party. 
However, a creditor may not seek a turnover order against third parties
without other initial proceedings. 

922 S.W.2d 122, 126 (Tex. 1996) (Gonzalez, J. joined by Owen, J., concurring). 
          Since Ex Parte Swate, the Austin Court of Appeals in Parks v. Parker
recognized that Texas courts of appeals were split on the issue of whether a turnover
order could be issued against a third party, and cited Buller for the proposition that
the turnover statute “authorizes the issuance of an order against only the judgment
debtor.” 957 S.W.2d 666, 668 (Tex. App.—Austin, 1997, no pet.). The Austin court,
in making their blanket rule, did not discuss the Texas Supreme Court’s statements
on the issue in Schultz and Swate. 
          In this case, we will apply the general rule stated in Buller that the turnover
statute should not apply to non-judgment debtors. We hold that any exception to the
general rule does not apply in this case because the record does not indicate that
separate proceedings were initiated against Bay City Plastics or BCDC. See Swate,
922 S.W.2d at 126 (Gonzalez, J. joined by Owen, J., concurring) (“a creditor may not
seek a turnover order against third parties without other initial proceedings.”). 
Accordingly, we hold that the trial court abused its discretion in issuing a turnover
order against Bay City Plastics and BCDC.
          We sustain appellants’ first issue.
Application of the Turnover Statute to Assets Held by Third Parties
          In issues two through five, appellants argue that the trial court erred in applying
the turnover statute “in a manner making it applicable to assets in the possession of
the third party non-judgment debtors.” Appellants contend that the trial court should
not have made findings that the judgment debtors had an “equitable ownership” in
property held by Bay City Plastics and BCDC, or that the judgment debtors still
owned property that was previously transferred in “sham transactions.”
          Property owned by judgment debtors is not out of the reach of the turnover
statute merely because it is held by third parties. See Tex. Civ. Prac. & Rem Code
Ann. § 31.002(b)(1) (Vernon Supp. 2003) (court may order judgment debtor to turn
over property in debtor’s possession or subject to his control); Parks, 957 S.W.2d at
668 (“judgment debtor can also be ordered to turn over property, no matter who
possesses it, if the property is subject to his control.”). 
          This Court has previously held that the turnover statute is not a device through
which we can determine ownership of property. Cravens, Dargan & Co. v. Peyton
L. Travers Co., Inc., 770 S.W.2d 573, 576-77 (Tex. App.—Houston [1st Dist.] 1989,
writ denied). In Cravens, the judgment debtor had given a $25,000.00 cashier’s
check to the Texas State Board of Insurance. Id. at 574. The trial court had denied
the creditor’s request for turnover relief, and on appeal, the creditor asked this Court
to order the Board to turn over the $25,000 cashier’s check. Id. We held that,
because the turnover statute is not a device through which the ownership of property
could be determined, the trial court did not err in refusing to order turnover relief. Id.
at 577.
          Although the turnover statute cannot ordinarily be used to adjudicate the
ownership of property in a manner that would be binding upon third parties, we
disagree with appellants’ argument that the trial court was prohibited in this case from
determining what property was owned by the judgment debtor to facilitate the
issuance of its turnover order. The turnover statute allows a trial court to order a
judgment debtor to turn over property that is owned by the judgment debtor if it is
subject to the judgment debtor’s control. Tex. Civ. Prac. & Rem Code Ann. §
31.002 (Vernon Supp. 2003). The trial court, then, is permitted to determine what
property meets those statutory requirements. See generally Schultz, 810 S.W.2d at
740 (holding that trial court may issue turnover order against judgment debtor where
“factual showing” is made that the judgment debtor (1) has non-exempt property, and
(2) that property not readily subject to ordinary execution). 
          Any findings made by the trial court to facilitate the issuance of the turnover
order will bind the judgment debtors only, and not third parties that the turnover order
has not issued against. Against those to whom the turnover order has issued, the
order will be enforceable by contempt. Tex. Civ. Prac. & Rem Code Ann. §
31.002(c) (Vernon Supp. 2003).
          We overrule appellants’ issues two through five.
Attorney’s Fees and Appointment of Receivers
          In issue six, appellants argue that it was error for the trial court to appoint a
receiver to receive and administer assets held by Bay City Plastics and BCDC. 
Likewise, appellants argue it was error for the trial court to award attorney’s fees to
the McEntires based, in part, on a turnover order against Bay City Plastics and
BCDC. We have already held that it was error for the trial court to issue a turnover
order against Bay City Plastics and BCDC, and, accordingly, we hold that the trial
court erred in appointing a receiver to receive and administer assets held by those two
companies, and in awarding attorney’s fees to the McEntires based, in part, on the
erroneous turnover order.
          We sustain appellants’ sixth issue.Conclusion
          We reverse the trial court’s turnover order and remand this case to the trial 
court.
 
                                                                        Sherry Radack
                                                                        Chief Justice
Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.
Appellant’s requested en banc consideration. En bank consideration is denied as
moot.