Joe Dudley PACE, Appellant,

v.

John J. McEWEN, Jr., Appellee.

No. A2722.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 3, 1981.

Rehearing Denied July 1, 1981.

Richard G. Strong, Casseb, Leon, Rodgers, Strong & Pearl, San Antonio, for appellant.

Pat Maloney, Jack Pasqual, George LeGrand, San Antonio, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a post-judgment order that appellant Pace turn over his residence in Harris County to the sheriff for sale under a writ of execution to enforce a judgment against him. Appellant's principal argument on appeal is that the property is Pace's homestead and, thus, exempt from execution. We affirm.

In 1973 suit was filed by appellee, the independent executor of the estate of Bessie Spence, deceased, to recover damages for the alleged fraud practiced by Pace upon the decedent during her lifetime. Acting as Spence's stockbroker, Pace allegedly persuaded her to make gifts to him of certain mutual fund shares. Judgment in that suit was rendered against Pace for $242,271.75. After appeal the judgment became final. Thereafter, in the same suit in which the judgment had been rendered, interrogatories were filed as provided by Tex. R.Civ.P. 621a to obtain information to aid the plaintiff in the enforcement of his judgment. Answers to the interrogatories re-

vealed the only property owned by Pace was his residence located at 511 Lovett, Houston, Texas, which property he claimed to be his homestead. Still later, again in the same suit, a motion in the nature of a bill of discovery and for declaratory relief was filed in order to determine the homestead status of the property. Said motion was amended twice and a hearing was held on June 9, 1980, at which time the Court found the subject property not to be homestead and, therefore, not exempt from execution and ordered the property turned over to the sheriff of Harris County for sale under execution.

Appellant's first four points complain of the trial court's finding that the property was not exempt as homestead. The burden of proof on the issue of homestead status is on the homestead claimant. *Burk Royalty Company v. Riley*, 475 S.W.2d 566 (Tex.1972). The only evidence presented at the hearing consisted of the oral testimony of Mr. Pace and excerpts from the transcript of his testimony given at the time of the trial of the original suit. His testimony at the hearing was that in 1967 he purchased the home while unmarried and has used it as a residence for himself and his mother since that time, except for an interval during which it was uninhabitable due to fire damage; that he had claimed a homestead exemption for the property since its purchase by reason of his mother's dependency upon him; that he had always considered it his homestead; that he made mortgage payments of $300 to $400 per month on it out of a bank account into which he had deposited the monthly income from the mutual fund shares the subject of the original lawsuit; that he received income from the shares from 1966 to 1971; and that after a fire in the home, the $33,000 to $34,000 balance on his mortgage was paid off by insurance. He also testified that a second lien exists on the property, the result of a $10,000 loan made to him in 1972, the proceeds of said loan having been used to pay his personal living expenses, and which indebtedness remains outstanding.

No findings of fact or conclusions of law were requested or filed. In their absence the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962). The only evidence offered to establish Pace's homestead claim was that of Pace himself, and his testimony was not free from contradiction. His testimony regarding the source of his mortgage payments during the years he made mortgage payments did not rule out the possibility that the source of those payments, at least in part, was the income from the mutual fund shares. He also testified that he had executed a second lien on the property for his personal living expenses, which is not a permissible use for which to mortgage homestead property. Finally, he testified that he claimed a homestead exemption on the property from the time he purchased the property in 1967, at which time a homestead exemption was not available for single individuals. Appellant has failed to meet his burden of proof to establish every fact essential to the existence of the asserted homestead right by evidence not of a doubtful nature. *Vaughn v. Vaughn*, 279 S.W.2d 427 (Tex.Civ.App.—Texarkana 1955, writ ref'd n.r.e.). Furthermore, the evidence detailed above supports an implied finding by the trial court that the property in question had been acquired by Pace with funds fraudulently obtained by him from Mrs. Spence and the conclusion that the property was not Pace's homestead.

Appellant's first four points are overruled.

In his fifth, sixth, seventh, eleventh and twelfth points of error appellant makes various complaints relating to appellee's claim that the property in question is subject to a constructive trust. The court did not rule on the constructive trust claim, but based its order solely on the holding that the property was not homestead and, therefore, not exempt from execution. These points present nothing for decision by this court and, accordingly, are overruled.

In his eighth point, appellant complains of the court's denial of his motion to dismiss and/or strike the motion for protective order. We find a ruling was not se-

cured by appellant on the motion. The point was not properly preserved for review. *Williams v. Williams*, 537 S.W.2d 107 (Tex.Civ.App.—Tyler 1976, no writ).

Appellant's point nine contends that the trial court erred in ordering appellant to turn over his house to the sheriff for "foreclosure" because it had no jurisdiction to consider issues other than the exempt or non-exempt status of the property. In fact, the trial court ordered that the property be turned over to the sheriff for sale "according to the laws and procedures provided for executions." However, we will consider the point as if it complained of the latter action of the court below.

■ It is our opinion that the provisions of Tex.Rev.Civ.Stat.Ann. art. 3827a (Vernon Supp. 1980–1981) gave the trial court jurisdiction to determine that the property in question was not Pace's homestead and, thus, not exempt from execution and to order said property turned over to the sheriff for sale under writ of execution. This statute, enacted in 1979, became effective on June 13, 1979, and was specifically invoked in appellee's second amended motion for discovery and for declaratory relief. The statute specifically authorizes proceedings thereunder in the same suit in which the judgment was rendered or in a new and independent suit. It also expressly provides that the court may order the property of the judgment debtor "to be turned over to any designated sheriff or constable for execution or otherwise applied toward the satisfaction of the judgment." Appellant points out that the first sentence of article 3827a limits the court's jurisdiction to property of the judgment debtor "which cannot readily be attached or levied on by ordinary legal process and is not exempt from attachment, execution, and every other type of seizure for the satisfaction of liabilities ...." Appellant contends that there is no pleading or proof that Pace's home is property which cannot be readily attached or levied on by ordinary legal process. It is our opinion that in the absence of a special exception, the pleading specifically requesting relief under article 3827a is sufficient. Also, in our opinion the facts developed in the court below bring this case within the

jurisdiction conferred by article 3827a. The proceedings in the court below clearly show that appellant was contending at all times that the property in question was exempt from forced sale because it was his homestead. If, in fact, it was exempt, it certainly could not readily be attached or levied on by ordinary legal process. On these facts appellee should not be required to insist on a sale under a writ of execution, the validity of which would undoubtedly be strongly contested by appellant, and run the risk of a large award of damages in a subsequent suit for wrongful execution on exempt property.

Appellant also contends that article 3827a does not allow the court to order forced sale of property which is exempt from execution. At the same time the appellant concedes that a determination of whether or not Pace's home was exempt could arguably be within the general jurisdiction and authority conferred by that statute. We think such a determination is clearly within the jurisdiction conferred by article 3827a, the first paragraph of which states that a judgment creditor who comes within the statute "is entitled to aid from a court of appropriate jurisdiction by injunction or otherwise in reaching the property to satisfy the judgment." For all of the foregoing reasons we overrule appellant's point nine.

■ In his tenth point of error appellant complains of the trial court's admission into evidence of testimony concerning income from the mutual fund shares (Dreyfus Fund) because it was irrelevant and the court had no authority or jurisdiction to consider it. We hold that such testimony was relevant to the issue of the exempt or non-exempt status of the property in question, appellee's contention being that appellant used the income from mutual fund shares which he had wrongfully obtained from Mrs. Spence to buy and make payments on the property in question.

■ In his final two points, thirteen and fourteen, appellant contends there is no evidence, or alternatively, insufficient evidence, that any money wrongfully obtained was used to purchase the house and, therefore, the trial court erred in ordering appel-

lant to turn over the house to the sheriff. We hold that there was sufficient evidence to support an implied finding by the trial court that money wrongfully obtained had been used to purchase and make payments on the house. In the original suit it was finally determined that Pace had wrongfully obtained the mutual fund (Dreyfus Fund) shares from Mrs. Spence; and based thereon judgment for an amount in excess of $240,000 had been rendered and had become final after an exhaustive appeal. In the hearing from which the present appeal has been taken Pace testified that for several years he received monthly payments of $300 to $400 per month from the Dreyfus Fund, that he had other income which exceeded the amount he received from the Dreyfus Fund, that all of the payments from the Dreyfus Fund and the income from other sources were deposited into one bank account and that he made the house note payments out of that bank account. This evidence supports the judgment of the court below.

Having overruled all of the appellant's points, we affirm the judgment of the court below.

The order of the trial court is affirmed.