Nelson C. STEENLAND, Appellant,

v.

TEXAS COMMERCE BANK NATIONAL
ASSOCIATION, Appellee.

No. 12–81–0051–CV.

Court of Appeals of Texas,
Tyler.

March 3, 1983.
Rehearing Denied March 31, 1983.

George H. Tarpley, Sheinfeld, Maley & Kay, Houston, for appellant.

William W. Ogden, Liddell, Sapp, Zivley, Brown & LaBoon, Houston, for appellee.

SUMMERS, Chief Justice.

This appeal is from an order of the trial court appointing a receiver to sell appellant's homestead property and apply the excess nonexempt value (as determined by the court in a nonjury hearing) to satisfy a final judgment previously obtained by appellee herein.

Initially, appellant Nelson C. Steenland was sued on certain promissory notes in a separate but related action by appellee, Texas Commerce Bank National Association (hereafter "the Bank"). On August 1, 1980, judgment was recovered by appellee Bank against Steenland in such action for the sum of $511,996.62, exclusive of interest and additional costs. This judgment was abstracted and recorded in the Real Property Records of Harris County on August 27, 1980, was not appealed and became final.

Thereafter, the Bank sought to collect its judgment from the excess nonexempt value which it believed existed in Steenland's homestead property. In doing so, the Bank on November 24, 1980, commenced the instant action with the filing of a motion for a post-judgment order of sale. This motion sought a court order authorizing the sale of Steenland's homestead, citing Art. 3827a[1] as authority for the court's jurisdiction to determine the extent of Steenland's homestead exemption. On January 2, 1981, Steenland made a written demand and fee deposit for a jury trial on the matters raised in the Bank's motion for post-judgment order of sale, and then on January 8, 1981, filed his opposition to the Bank's motion contending that the motion should be denied because he (Steenland) was entitled to a jury trial on the merits for a determination of the disputed factual issues raised by said motion. Subsequently, the Bank's motion was amended with an application for the appointment of a receiver under Art. 3827a in addition to the request for an order authorizing the forced sale of Steenland's homestead. It was on this amended application that the matter came on for hearing before the trial court on February 23, 1981. Steenland's counsel urged his timely request for a jury trial on the issue of excess value including the current value of the property exclusive of improvements, but the court denied appellant's request for a jury trial. Thereupon, counsel for Steenland moved the court for a continuance upon the grounds of surprise, inability to have an appraiser, client not present because they were before the court on a motion and not on the merits, and time was needed for discovery; this motion was likewise overruled and appellant was put to a nonjury hearing on the Bank's amended application alleging that pursuant to Art. 3827a the court had jurisdiction to (1) determine the extent of Steenland's homestead exemption in subject property and (2) to appoint a receiver for the management and sale of the property.

At the hearing before the court sitting without a jury, it was established that Steenland owned certain real property, located at 5 Long Bow Lane in the Memorial area of Houston; that such property was Steenland's homestead, having been purchased by him in 1956. Over Steenland's objections, the court proceeded to hear evidence on the issue of whether there existed any nonexempt excess value in the homestead. In his order appointing a receiver, the court made findings that the homestead had excess nonexempt value and authorized the receiver to proceed with a sale of the homestead property. The implementation of this order was stayed by the trial court pending the outcome of this appeal.

We reverse and render.

1. This and all other statutory references are to Tex.Rev.Civ.Stat.Ann. unless otherwise noted.

The appellant has brought forward two points of error. He asserts that the trial court erred (1) in hearing and ruling on the merits of a cause of action seeking a declaratory judgment that a homestead has excess, nonexempt value in a hearing on an application for the appointment of a receiver under Art. 3827a; (2) in ruling that the defendant/appellant was not entitled to a jury trial on the issue of excess value in the homestead property.

Both parties have conceded that subject property is Steenland's homestead and have treated the time of homestead designation to coincide with the acquisition date in 1956. Since the homestead is exempt from execution unless there is excess value, the next question to be addressed is the issue of excess value. In his first point appellant contends that it was improper for the Bank to raise the issue of excess value in the context of a simple motion to appoint a receiver under Art. 3827a. Steenland contends that said article is a procedural device to be used as an aid to creditors in the *collection* of their judgments but that it provides no vehicle for a *determination* of excess value. Appellant's position thus is that the Bank must first secure a *determination* of excess value in a new and independent suit before invoking Art. 3827a. Steenland further contends that in such separate suit the Bank would be required to plead and prove the amount, if any, of such excess value.

Article 3827a[2] is a newly enacted statute and our review shows it has only been construed by one court decision, namely *Pace v. McEwen,* 617 S.W.2d 816 (Tex.Civ.App.— Houston [14th Dist.] 1981, no writ). Like the instant case, *Pace* involved an appeal from a post-judgment order. In *Pace, supra,* the court held that Art. 3827a gave the court jurisdiction to determine the exempt status of property which was claimed to be homestead. Unlike the instant case, no request for a jury trial was made in *Pace, supra.* The only issue in *Pace* was whether or not the particular property was or was not homestead property. There was no issue, as in the instant case, of excess nonexempt value of the property in question.

Appellant relies on the case of *O'Neil v. Mack Trucks, Inc.,* 542 S.W.2d 112, 114 (Tex.1976), wherein the Supreme Court stated:

> ... that where a homestead right is asserted and established, a creditor of the homestead debtor seeking to subject any excess value to the payment of his debt must *allege* and *prove* such excess value and seek a corresponding partition of the property. (Citations omitted.) (Emphasis added.)

Although the initial burden of proving the existence of the homestead is upon the homestead claimant, the creditor has the burden of alleging and proving the excess nonexempt value before he can resort

2. Art. 3827a Collection of judgments by court proceedings, provides:

(a) A judgment creditor whose judgment debtor is the owner of property, including present or future rights to property, which cannot readily be attached or levied on by ordinary legal process and is *not exempt* from attachment, execution, and every type of seizure for the satisfaction of liabilities, is entitled to aid from a court of appropriate jurisdiction by injunction or otherwise in reaching the property to satisfy the judgment.

(b) The court may order the property of the judgment debtor referred to in Subsection (a) of this section, together with all documents or records related to the property, that is in or subject to the possession or control of the judgment debtor to be turned over to any designated sheriff or constable

for execution or otherwise applied toward the satisfaction of the judgment. The court may enforce the order by proceedings for contempt or otherwise in case of refusal or disobedience.

(c) The court may appoint a receiver of the property of the judgment debtor referred to in Subsection (a) of this section, with the power and authority to take possession of and sell the *nonexempt* property and to pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

(d) These proceedings may be brought by the judgment creditor in the same suit in which the judgment is rendered or in a new and independent suit.

(e) In a proceeding under this section, a judgment creditor is entitled to recover reasonable costs, including attorney's fees. (Emphasis added.)

thereto in satisfaction of his debt. See *Burk Royalty Company v. Riley,* 475 S.W.2d 566, 568 (Tex.1972); *Engbrock v. Haidusek,* 95 S.W.2d 520, 521–22 (Tex.Civ.App.—Austin 1936, writ ref'd).

Appellee Bank contends that the trial court correctly ruled that it had jurisdiction to determine the excess value issue under Art. 3827a; that the property here qualifies as "Article 3827a property" since the property sought to be sold is nonexempt and is not capable of being levied upon by ordinary legal means; that it is within the power of the legislature to create new ancillary remedies for judgment creditors and this the legislature has done by the enactment of Art. 3827a; that there is nothing in the article that suggests that a separate trial must be had on the issue of "determining" excess value. He further urges that appellant's answers in response to appellee's request for admissions have established that appellant's homestead property has value in excess of the constitutional exemption; that Steenland acquired the homestead property as unimproved real estate in 1956 for a consideration of $25,000.00;[3] that the current value of the property, *with improvements,* exceeds $800,000.00.

■ Where excess nonexempt value of a homestead is at issue, it is necessary that the current value (at time of trial) of the homestead lot *exclusive of improvements* be established. If no such determination is made, it is impossible to apply the rules[4] set forth in *Hoffman v. Love,* 494 S.W.2d 591 (Tex.Civ.App.—Dallas), writ ref'd n.r.e. per curiam, 499 S.W.2d 295 (Tex.1973), and determine the exempt and nonexempt interests in the homestead lot.

■ In our view, Steenland was entitled to a trial on the merits on the issue of the excess nonexempt value of his homestead, including the current value of the homestead lot exclusive of improvements. The trial on the underlying debt did not include this issue. Art. 3827a is a collection article, codified as a part of Title 56 of the Revised Civil Statutes which deals solely with execution. It is purely procedural in nature, providing additional remedies to creditors which are cumulative of all existing processes available for the collection of judgments. It does not address the substantive law involved in determining the exempt and nonexempt status of homestead property. It provides no vehicle or procedure for *determining* excess value and is expressly applicable only to property which is nonexempt. Thus, the Bank must secure a determination of excess value by alleging and proving same in a separate suit such as a suit to foreclose its judgment lien. In such action a jury trial could be afforded where properly requested. Until such a determination is made, a homestead is exempt and no right to foreclose exists. In the instant case, Steenland was entitled to insist on a separate trial for a determination of the disputed excess value issue. His admissions did not include the current value of the lot exclusive of improvements, and the opinion testimony of the Bank's appraiser witness at the motion hearing did not establish the current value of the lot exclusive of such improvements. Appellant's first point is sustained.

In his second point of error Steenland asserts that the trial court erred in denying him a jury trial on the issue of excess value in his homestead property. The Bank argues that no jury trial is available here because the Bank's amended application for relief under Art. 3827a seeks the appointment of a receiver and no jury is allowed on such an issue. This argument is irrelevant

---

3. The constitutional exemption for unimproved urban homestead property in 1956 was $5,000.00. Tex. Const. Art. XVI, § 51 (1955).

4. Pursuant to *Hoffman v. Love,* the amount of appellant's homestead exemption is determined by the ratio between (1) the amount of the constitutional exemption when the property was designated as homestead ($5,000.00), and (2) the value of the lot at the time of homestead acquisition ($25,000.00). Application of the rule in this case means that 1/5th ($5,000.00/$25,000.00) of the current value of appellant's homestead lot exclusive of improvements is exempt and accordingly 4/5 of said current value of appellant's lot is nonexempt and subject to forced sale in satisfaction of judgment.

since it fails to include the threshold issue raised by the Bank's amended application, that being a determination of the disputed issue of excess nonexempt value in Steenland's homestead. Steenland's request for a jury relates *solely* to the *determination* of such excess nonexempt value and not to the ancillary request for appointment of a receiver. Until the excess nonexempt value has been determined upon allegation and proof by the Bank in a trial on the merits, the appointment of a receiver is premature.

 *Hoffman v. Love, supra,* sets forth the factual inquiries necessary for a determination of such excess value. One of the inquiries which remains disputed and undetermined in the hearing before the court was the current value at the time of trial of the homestead lot exclusive of improvements. Having timely made his demand and deposit for a jury, we hold that Steenland had a right to a jury determination of this disputed and undetermined fact question. Tex. Const. art. I, § 15 and art. V, §§ 8 and 10; *Jeter v. Associated Rack Corp.,* 607 S.W.2d 272, 277–78 (Tex.Civ.App. —Texarkana 1980), *cert. denied,* 454 U.S. 965, 102 S.Ct. 507, 70 L.Ed.2d 381 (1981); *Phillips v. Latham,* 551 S.W.2d 103, 105 (Tex.Civ.App.—Waco 1977, writ ref'd n.r. e.). An answer to this fact question is necessary in order to ascertain the extent of Steenland's homestead exemption in subject property. It is fundamental to our system of justice and the intention and policy of the law to permit all persons to have a trial by jury of disputed fact issues essential for a determination of their property rights. The right of trial by jury is a valuable right which should be guarded jealously by all state courts. See *Jones v. Jones,* 592 S.W.2d 19, 20 (Tex.Civ.App.—Beaumont 1979, no writ); *Clayton v. Clayton,* 308 S.W.2d 557, 564 (Tex.Civ.App.—Texarkana 1957, no writ). Appellant's second point is sustained.

Appellee's contention in a counterpoint that this appeal should be dismissed due to appellant's failure to comply with Tex.R. Civ.P. 385 was overruled by this court in a previous order, and therefore is not addressed in this opinion.

Having sustained appellant's two points of error, we reverse the order of the trial court and render judgment denying appellee Bank's amended application under Art. 3827a for appointment of receiver and postjudgment order for sale of appellant' homestead.