

# NUMBER 13-12-00267-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHNNY PARTAIN,                                                                   Appellant,

v.

JAMES H. MAPLES,                                                                   Appellee.

## On appeal from the County Court at Law No. 7
## of Hidalgo County, Texas.

## OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Opinion by Justice Rodriguez

Appellant Johnny Partain appeals a judgment entered in favor of appellee James

H. Maples on March 16, 2012. By four issues, which we construe as two, Partain

challenges (1) the jurisdiction of the trial court, and (2) the trial court's failure to enforce a

Rule 11 agreement.  We vacate the trial court's March 16, 2012 judgment and dismiss for lack of jurisdiction.

## I.  BACKGROUND

It is undisputed that in January 1998, Partain filed his original petition against Maples.  On January 22, 2002, a jury found in favor of Partain, and on July 24, 2002, the court entered judgment in his favor in the amount of $453,000.00.  But on February 27, 2003, the trial court signed a third amended judgment, reducing the award.  No appeal was taken from the 2003 judgment.  Subsequently, the trial court entered six turnover orders and, according to Partain, between August 2008 and February 2011, held six show cause hearings to enforce those orders.

The record shows that, on February 2, 2011, the trial court entered an order discharging and releasing Maples from all liability under any judgment arising from the underlying cause and ordering Partain to file an accounting with the trial court "within 30 days detailing the amounts of assets collected so that [the court could] consider entry of an order requiring Plaintiff[ ] to refund to Defendant JAMES H. MAPLES any sums overpaid on the Judgment."[1]  Partain appealed the February 2011 order (appellate cause no. 13-09-00238-CV).  On our own motion, we abated the appeal from the February 2011 order and remanded the case to the trial court for clarification of the order.  Subsequently, the parties filed a joint motion to dismiss the appeal.  Considering the documents on file and the joint motion, on January 5, 2012, we reinstated the appeal,

---

[1] We note that in May 2011, the trial judge recused himself, sua sponte, and the presiding judge of the Fifth Administrative Judicial Region of Texas assigned the trial judge who entered the judgment from which this appeal is taken.

granted the parties' motion, and dismissed the appeal.[2]

On March 16, 2012, the trial court entered "judgment" that purportedly addressed Maples's overpayment of the 2003 judgment. Partain appeals from the March 2012 judgment.

## II. JURISDICTION

By his first issue, Partain contends that the trial court had no jurisdiction to render the March 16, 2012 judgment. We agree.

### A. Applicable Law

A trial court retains jurisdiction for a minimum of thirty days after signing a final judgment. TEX. R. CIV. P. 329b(d)–(f); *see Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). During this time, the trial court has plenary power to vacate, modify, correct, or reform its judgment. *Lane Bank Equip. Co.*, 10 S.W.3d at 310. Timely filing an appropriate post-judgment motion may extend the period of plenary power. *Id.*; *see* TEX. R. CIV. P. 329b(b)–(g). For example, the filing of a motion for new trial or a motion to modify, correct, or reform the judgment within the initial thirty-day period extends the trial court's jurisdiction over its judgment up to an additional seventy-five days, depending on when or whether the court acts on the motion. *Lane Bank Equip. Co.*, 10 S.W.3d at 310; *see also* TEX. R. CIV. P. 329b(b)–(g). A judgment rendered after plenary power has expired is void. *See Rawlins v. Rawlins*, 324 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding)).

---

[2] The validity of the February 2011 order is not before us, and we do not address it further in this appeal.

Even after plenary power has expired, a trial court retains inherent power to enforce its judgments. *See* TEX. R. CIV. P. 621 ("Enforcement of Judgment"); *see also Woody K. Lesikar Special Trust v. Moon*, No. 14-10-00119-CV, 2011 Tex. App. LEXIS 6177, at *16 (Tex. App.—Houston [14th Dist.] Aug. 9, 2011, pet. denied) (mem. op.) (quoting *Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex. 1982) ("While the trial court's power to vacate, modify, correct, or reform a judgment ceases under Rule 329b(d) thirty days after the judgment is signed, the court's power to enforce its judgment is not so limited. . . . The general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments.")). The Texas turnover statute is the procedural device by which a judgment creditor may reach assets of a judgment debtor that are otherwise difficult to attach or levy on by ordinary legal process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2008); *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991); *see also Af-Cap., Inc. v. Rep. of Congo*, 462 F.3d 417,426 (5th Cir. 2006) (discussing the Texas turnover statute). But the turnover statute may not be used to determine substantive rights. *See Cross, Kieschnick & Co. v. Johnston*, 892 S.W.2d 435, 438 (Tex. App.—San Antonio 1994, no writ) (citing *Cravens, Dargan & Co. v. Peyton L. Travers Co.,* 770 S.W.2d 573, 576 (Tex. App.—Houston [1st Dist.] 1989, writ denied)); *see also Moon*, 2011 Tex. App. LEXIS 6177, at *20–23. Nor may the turnover statute be used to change the substance of a trial court's final judgment. *See Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, No. 10-1020, 2013 Tex. LEXIS 268, at *8 (Tex. Apr. 5, 2013) ("An attempted nunc pro tunc judgment entered after the trial court loses plenary jurisdiction is void if it corrects judicial rather than clerical errors."); *see also Consumers*

4

*County Mut. Ins. Co. v. Mendoza*, No. 13-05-0024-CV, 2007 Tex. App. LEXIS 1880, at *15 (Tex. App.—Corpus Christi Mar. 8, 2007, no pet.) (mem. op.) (holding that a turnover order nunc pro tunc was void because it was a "prohibited attempt to correct a judicial error").

In *Lesikar v. Rappeport*, the Sixth Court of Appeals addressed whether a judgment debtor could use a turnover proceeding to obtain reimbursement for overpayment of a monetary judgment. 104 S.W.3d 310, 316 (Tex. App.—Texarkana 2003, pet. denied). Because the requested relief would require a factual determination of the amount by which the judgment creditor was overpaid and turnover is a purely procedural mechanism, the appellate court held the judgment debtor was required to seek reimbursement for the overpayment on the judgment in a separate suit—relief was not available by turnover order. *Id.*

In *Moon*, the Fourteenth Court of Appeals addressed a similar issue—whether a trial court had jurisdiction to release liens on certain property by means of a turnover order entered after the trial court's plenary power expired. *See* 2011 Tex. App. LEXIS 6177, at *18–19. The trial court awarded Moon a judgment against Lesikar for certain real property.[3] *Id.* at *3. Post-judgment, Lesikar placed liens and a lis pendens on the property because he claimed he was entitled to reimbursement of $600,000 in attorney fees he advanced to a family trust to defend bogus claims Moon brought in another lawsuit. *Id.* at *5. Moon sought a turnover order to declare the liens or encumbrances

---

[3] Following our sister court, we refer to the parties in *Woody K. Lesikar Special Trust v. Moon* by their individual names instead of their capacities as trustees because the distinction is not critical to this discussion. *See* No. 14-10-00119-CV, 2011 Tex. App. LEXIS 6177, at *2–3 n.2 (Tex. App.—Houston [14th Dist.] Aug. 9, 2011, pet. denied) (mem. op.).

invalid, *id.* at *5–6, but the appellate court held the trial court lacked jurisdiction after its plenary power expired to use a turnover order to make a substantive determination that the reimbursement claim of Lesikar, the judgment debtor, lacked merit. *Id.* at *20–23 (citing *Steenland v. T.C.B. Nat'l Ass'n*, 648 S.W.2d 387, 389–91 (Tex. App.—Tyler 1983, writ ref'd n.r.e.) (holding that a turnover proceeding was an inappropriate means for the post-judgment determination of the amount of excess homestead value subject to collection, when that amount was not determined at the trial of the underlying case or in a separate suit)).

## B.    Discussion

The record in this case shows that on February 27, 2003, the trial court entered its third amended judgment which awarded Partain monetary relief against Maples on a fraud claim, awarded Partain attorney's fees, and stated it was a "final judgment." That judgment read as follows:

THIRD AMENDED JUDGMENT

Came on to be considered James H. Maples' Motion to Amend or Modify Judgment or Alternatively, Motion for New Trial, and the Court, having considered the motion, finds that Plaintiffs Johnny C. Partain and Teresa C. Partain are entitled to attorney's fees, even though they are acting *pro se*, but that any award of appellate attorney's fees must be conditioned on the success of the appeal; and thus the Court

**SETS ASIDE** and **VACATES** its Second Amended Final Judgment; and it is **ORDERED, ADJUDGED** and **DECREED** that Plaintiffs, Johnny Partain and Teresa C. Partain, recover from James H. Maples, under their claim for fraud, the amount of $58,500 for actual damages, for attorney's fees of $15,000, pre-judgment interest in the amount of $19,700, all costs of court, and post-judgment interest at the rate of ten (10%) per annum from the date of judgment until the judgment is satisfied.

6

In the event that James H. Maples appeals the judgment to the Court of Appeals, and that such appeal is unsuccessful, then Plaintiffs, Johnny Partain and Teresa C. Partain, recover from James H. Maples an additional $5,000, over and above any amount previously awarded.

This is a final judgment. All other and further relief, not expressly granted, is hereby **DENIED**.

Subsequently, Partain obtained multiple turnover orders to enforce this February 2003 judgment.

On March 16, 2012, the trial court purported to enter judgment against Partain, the judgment creditor, as follows:

Pursuant to the Court's Order of February 3, 2011, Defendant James H. Maples was owed the sum of $14,120.26 plus the amount of recovery for any buses. Despite being ordered by the Court to produce an accounting for the buses, Plaintiff Johnny Partain failed to provide an accounting notwithstanding that there were 3 hearings so this matter could be concluded.

Defendant James H. Maples gave testimony that was undisputed at an evidentiary hearing that the value of the buses was $155,700.00. His overpayment of $14,120.26 plus the value of the buses plus interest for one year on the overpayment comes to a total sum of $171,232.28. Subtracting the value of the condo and rescinding the turnover order would entitle him to a judgment of $101,232.28 with interest thereon at the legal rate. It is the judgment of this Court that Defendant, James H. Maples recover his condo with a rescission of the turnover order and further have a monetary judgment for $101,232.28.

With this March 16, 2012 judgment, the trial court attempted to modify or reform its 2003 judgment. *See Lane Bank Equip. Co.*, 10 S.W.3d at 310. Applying the rules and principles set out above, we conclude that the trial court lacked jurisdiction to enter this "final judgment" because its plenary power had expired. *See id.*; *Rawlins*, 324 S.W.3d at 855. Thus, the March 2012 judgment is void. *See Rawlins*, 324 S.W.3d at 855.

7

Nor can we construe the March 2012 judgment as a valid turnover order that may be appealed. *See Rappeport*, 104 S.W.3d at 316; *Steenland*, 648 S.W.2d at 389–91; *see also Moon*, 2011 Tex. App. LEXIS 6177, at *20–23. The March 2012 judgment addressed substantive issues of property rights and valuation; it made substantive legal determinations based on factual conclusions that should have been decided by a factfinder in a separate suit. *See Rappeport*, 104 S.W.3d at 316; *Steenland*, 648 S.W.2d at 389–91; *see also Moon*, 2011 Tex. App. LEXIS 6177, at *20–23. The judgment did not address how Partain, the judgment creditor, might reach assets of Maples, a judgment debtor. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2008); *Beaumont Bank, N.A.*, 806 S.W.2d at 224. Instead, the 2012 judgment determined the amount of money that Maples, a judgment debtor, should have obtained as reimbursement for his overpayment of a monetary judgment. To reach this result, Maples was required to seek reimbursement for the overpayment on the judgment in a separate suit, not by a turnover order. *See Rappeport*, 104 S.W.3d at 316; *see also Moon,* 2011 Tex. App. LEXIS 6177, at *20–23. The trial court lacked jurisdiction after its plenary power had expired to use a turnover order to make this substantive determination. *See Steenland*, 648 S.W.2d at 389–91; *see also Moon*, 2011 Tex. App. LEXIS 6177, at *20–23.

The trial court lacked jurisdiction to enter the March 16, 2012 judgment, so it is neither a valid final judgment nor a valid turnover order. We sustain Partain's first issue. Based on our disposition of the jurisdictional issue, we need not address Partain's remaining issue. *See* TEX. R. APP. P. 47.1.

8

## IV.  CONCLUSION

We vacate the trial court's March 16, 2012 judgment and dismiss that portion of the case for lack of jurisdiction.   *See id.* at R. 43.2(e).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
9th day of May, 2013.

9