

NUMBER 13-14-00330-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**IN RE FARMERS INSURANCE EXCHANGE
AND TEXAS FARMERS INSURANCE COMPANY**

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Garza**

Relators, Farmers Insurance Exchange and Texas Farmers Insurance Company (collectively "Farmers"), have filed a petition for writ of mandamus contending that the Honorable Angelica Hernandez, presiding judge of the 105th Judicial District Court of Nueces County, Texas, abused her discretion, leaving Farmers without an adequate appellate remedy, by rendering an "Order Granting Application for Post-Judgment Relief" on May 30, 2014 in trial court cause number 09-6360-D. On June 18, 2014, we temporarily stayed enforcement of the challenged order and directed real parties in interest, Larry Bos, Mary Bos, Craig S. Smith, individually and as next friend of M.W.F.S.,

C.S.S., J.E.S., and V.A.S., minors, and William R. Edwards, to file any response to the petition for writ of mandamus. Smith filed a response and relators filed a reply thereto. Having fully considered the petition, response, reply, and the record documents provided by the parties, we find that the petition is meritorious. Accordingly, we will conditionally grant mandamus relief.

## I. BACKGROUND

Smith filed suit against the Boses and Marlon Bruno on December 17, 2009 (the "underlying suit"), alleging defamation, fraud, intentional infliction of emotional distress, and interference with the possessory right of a child. *See* TEX. FAM. CODE ANN. § 42.002 (West, Westlaw through 2013 3d C.S.). The Boses were represented by counsel provided by Farmers, the Boses' umbrella liability insurer. Despite providing representation for the Boses, Farmers disputed whether the Boses' policy covered the events made the subject of the underlying suit. Therefore, Farmers brought a separate action in the same court on April, 22, 2013 (the "coverage suit"), seeking a declaratory judgment that it was not obligated under the policy to defend or indemnify the Boses as to the underlying suit. The coverage suit is still pending.

On May 8, 2014, after a bench trial, the trial court in the underlying suit rendered final judgment finding the defendants jointly and severally liable to Smith for $10,736,000 in damages.

Subsequently, on May 30, 2014, Smith filed an "Application for Post Judgment Relief" in the underlying suit. The application stated that the Boses "own non-exempt property that cannot readily be attached or levied on by ordinary legal process. This property includes causes of action arising from the Personal Umbrella insurance policy currently being litigated in this Court. . . ." The application contained the following request:

2

[Smith] move[s] this Court to find and conclude:

1.  Mary and Larry Bos have a right to indemnity from Farmers Insurance Exchange because the Final Judgment is based on covered claims, which are not excluded;

2.  Plaintiffs tendered Farmers Insurance Exchange settlement offers within policy limits, offered a complete release, and Farmers Insurance Exchange unreasonably denied the settlement offers;

3.  Farmers Insurance Exchange is liable for the resulting judgment and is liable under the plain language of the policy, the Stowers doctrine,[1] the duty [of] good faith and fair dealing, and the Insurance Code. [Case law citations omitted.]

The trial court granted the application for post-judgment relief on the same day it was filed. The order granting the application contained, verbatim, the three findings and conclusions requested by Smith as set forth above. The order further stated, in relevant part:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that all assignable claims or causes of action owned by Mary Bos or Larry Bos against Farmers Insurance Exchange, or any other indemnitor that could be litigated in [the coverage suit] are now held *in custodia legis* of this Court. The Court hereby appoints William Edwards . . . receiver. The receiver has the power to litigate these claims and pay recovered funds into the registry of this Court. Distribution to Judgment Creditors shall occur only after notice and hearing to all interested parties.

Farmers then filed this original proceeding, claiming that the trial court erred by granting Smith's application for post-judgment relief.[2]

---

[1] Under the *Stowers* doctrine, an insurer who unreasonably rejects an injured party's offer of settlement within policy limits will be held liable for the entire amount of damages eventually assessed against the insured, regardless of policy limits. *See, e.g., G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App.1929, holding approved).

[2] On November 24, 2014, Farmers filed a motion for emergency relief seeking a stay of proceedings in the coverage suit. In light of our conclusion herein that the order on appeal is void, we hereby deny the motion as moot.

3

## II. DISCUSSION

### A. Standard of Review

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy is determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

### B. Applicable Law

A turnover order is a statutory procedural device through which judgment creditors may reach assets of a judgment debtor that are otherwise difficult to attach or levy by ordinary legal process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West, Westlaw through 2013 3d C.S.); *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991). The turnover statute is "purely procedural in nature." *Beaumont Bank, N.A.*, 806 S.W.2d at 227; *see Europa Int'l, Ltd. v. Direct Access Trader Corp.*, 315 S.W.3d 654, 656 (Tex. App.—Dallas 2010, pet. denied). To obtain relief under the statute, a judgment creditor must prove: (1) the judgment debtor owns property, including present or future rights to property; (2) the property is not exempt from attachment, execution, or seizure; and (3) the property "cannot readily be attached or levied on or by ordinary legal process." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002; *see Europa Int'l, Ltd.*, 315 S.W.3d at 656.

4

Upon finding that the elements of section 31.002(a) are satisfied, a trial court has discretion to issue a range of remedies, including ordering the judgment debtor to turn over non-exempt property that is in the debtor's possession or is subject to the debtor's control to a designated sheriff or constable for execution, or "appointing a receiver with the authority to take possession of the non-exempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b). However, the turnover statute may not be used to determine substantive rights. *See Partain v. Maples*, 438 S.W.3d 69, 71 (Tex. App.—Corpus Christi 2013, no pet.); *D & M Marine, Inc. v. Turner*, 409 S.W.3d 853, 857 (Tex. App.—Fort Worth 2013, no pet.); *Cross, Kieschnick & Co. v. Johnston*, 892 S.W.2d 435, 438 (Tex. App.—San Antonio 1994, no writ); *see also In re Old Am. Cnty. Mut. Fire Ins. Co.*, No. 13-14-00231-CV, 2014 WL 4795923, at *5 (Tex. App.—Corpus Christi Sept. 25, 2014, orig. proceeding) (mem. op.).

Although the turnover statute is generally not applied to parties who are not judgment debtors, *Beaumont Bank*, 806 S.W.2d at 227, "under certain circumstances an action under the turnover statute may be brought against parties other than the judgment debtor in order to assist the judgment creditor in subjecting the judgment debtor's non-exempt property to satisfaction of the underlying judgment." *Int'l Paper Co. v. Garza*, 872 S.W.2d 18, 19 (Tex. App.—Corpus Christi 1994, orig. proceeding) (citing *Schultz v. Fifth Judicial Dist. Ct. of Appeals*, 810 S.W.2d 738, 739 n.3 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004) (per curiam)). In particular, a turnover order may issue against a third party where the third party retains non-exempt property that is owned by a judgment debtor and is subject to the debtor's possession or control. *See, e.g., Barrera v. State*, 130 S.W.3d 253, 259–60 (Tex. App.—Houston [14th

5

Dist.] 2004, no pet.); *Dale v. Fin. Am. Corp.*, 929 S.W.2d 495, 498 (Tex. App.—Fort Worth 1996, writ denied); *Norsul Oil & Min. Ltd. v. Commercial Equip. Leasing Co.*, 703 S.W.2d 345, 349 (Tex. App.—San Antonio, 1985 writ denied).

An unadjudicated cause of action is generally considered "property" that may be the subject of an order under the turnover statute. *See Assoc. Ready Mix, Inc. v. Douglas*, 843 S.W.2d 758, 762 (Tex. App.—Waco 1992, orig. proceeding).[3]

## C. Analysis

The turnover order at issue explicitly concluded that the Boses' insurance policy with Farmers covered the events made the subject of Smith's underlying suit, that the Boses "have a right to indemnity from Farmers" because of that fact, and that Farmers unreasonably rejected settlement offers tendered by Smith. In other words, the turnover order purported to adjudicate the merits of the very issues before the trial court in the coverage suit. This was manifestly improper. *See, e.g., Partain*, 438 S.W.3d at 71 (noting that turnover proceedings may not be used to determine substantive rights).

In his response to Farmers' petition, Smith contends that Farmers failed to bring a record sufficient for this Court to conduct an adequate review. In particular, Smith argues that there is nothing in the record provided by Farmers showing: (1) that the trial court "announced" that the coverage claims were not within the jurisdiction of the trial court in the underlying suit, or (2) that the Boses declined to voluntarily assign their claims to

---

[3] In *Charles v. Tamez*, we held that turnover relief was properly denied when the "property" sought to be turned over was the judgment debtor's unadjudicated cause of action for legal malpractice against his attorneys. 878 S.W.2d 201, 208 (Tex. App.—Corpus Christi 1994, writ denied). We held that turnover would have been improper because the judgment debtor "never attempted to assert any of the actions" for which the judgment creditor sought turnover; in fact, the debtor "denied dissatisfaction with his representation" by his attorneys. *Id.* at 207–08. Accordingly, the causes of action were "not assets subject to turnover." *Id.* at 208. We need not determine whether this ruling is apposite here because we find, in any event, that the trial court's order impermissibly determined Farmers' substantive rights.

6

Smith. We agree that the record does not substantiate these particular factual allegations, but we do not agree that this makes Farmers' position untenable. Whether or not those factual allegations are true, it remains the case that the trial court lacked the authority to determine Farmers' substantive rights in the turnover proceeding. *See Partain*, 438 S.W.3d at 71. Smith further points to the "clear" language of the policy in arguing that the trial court did not abuse its discretion in determining that the judgment in the underlying suit was covered by the policy. We disagree. The pleadings in the underlying suit did not mention insurance coverage, and Farmers was not a party to those proceedings. By ruling on the merits of the coverage dispute in the turnover order, the trial court effectively found Farmers liable for the entire $10,736,000 judgment without giving Farmers the opportunity to be heard, thus depriving Farmers of due process. *See Ex parte Swate*, 922 S.W.2d 122, 125 (Tex. 1996) (Gonzalez, J., concurring) ("Whether a turnover is enforceable by a contempt order directed to a stranger to the lawsuit is a serious matter that goes to the very heart of due process."); *Gerjets v. Davila*, 116 S.W.3d 864, 869 (Tex. App.—Corpus Christi 2003, no pet.).

The attempted addition of a non-party to a case after the rendition of judgment is a jurisdictional issue. *See Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (combined appeal & orig. proceeding) (concluding that the trial court lacked jurisdiction to enter a post-judgment order after the expiration of plenary power adjudicating the expenses and fees of a non-party to the judgment); *see also In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2014 WL 4795923, at *6; *In re Karlseng*, No. 05-14-00049-CV, 2014 WL 1018321, at *2 (Tex. App.—Dallas Feb. 12, 2014, orig. proceeding) (mem. op.). The trial court therefore exceeded its jurisdiction by purporting to determine the coverage issue in its turnover order.

7

Accordingly, the order is void and mandamus is proper. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (noting that, when a trial court's order is void, the relator "need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate") (citing *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000)); *cf. Int'l Paper Co.*, 872 S.W.2d at 19 (finding that relator, a third party who joined the underlying suit as a party and specially excepted to the judgment creditor's application for turnover relief, had an adequate remedy by appeal).

### III. CONCLUSION

We conditionally grant Farmers' petition for writ of mandamus and direct the trial court to vacate its "Order Granting Application for Post-Judgment Relief" dated May 30, 2014 in trial court cause number 09-6360-D. We emphasize that nothing in this opinion shall be construed as precluding Smith from seeking, from the trial court, a new turnover order that does not purport to adjudicate any party's substantive rights. Further, nothing in this opinion shall be construed as affecting the trial court's jurisdiction to hear the issues raised in the coverage suit.

The writ will issue only in the event the trial court fails to comply.


DORI CONTRERAS GARZA,
Justice

Delivered and filed the
4th day of December, 2014.

8