**Opinion issued October 27, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00455-CV

———————————

**PHILLIPPE TANGUY, 13500 AIR EXPRESS, L.L.C. AND 13500 AIR EXPRESS, L.P., AND PTRE HOLDINGS, L.P., Appellants**

**V.**

**WILLIAM G. WEST, AS CHAPTER 7 TRUSTEE OF RICHARD DAVIS, DEBTOR, AND EVA S. ENGELHART, RECEIVER, Appellees**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-67779**

---

## O P I N I O N

Appellee, Eva S. Engelhart, has filed a motion to dismiss, or, alternatively, a

motion for rehearing, contending that, while on appeal, this case has become moot.

Appellants, too, have filed a motion for rehearing. We agree that certain issues in the case have been rendered moot since this Court's opinion was issued on April 28, 2016. Accordingly, we grant the motion to dismiss in part, withdraw our previous opinion and judgment, and issue this opinion and judgment in their stead. In light of our new opinion, we deny both parties' motions for rehearing as moot. *See* TEX. R. APP. P. 49.1; *see, e.g., Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 41 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (holding that issuance of new opinion renders motion attacking previous opinion moot).

After the trial court domesticated a foreign judgment against appellants Philippe Tanguy, 13500 Air Express, LLC, and 13500 Air Express, L.P., it entered several orders that (1) appointed a receiver; (2) ordered appellants to turn over property to satisfy the judgment; and (3) authorized the receiver to sell certain property. On appeal, appellants collaterally attack the judgment that was domesticated and directly attack the post-domestication orders entered by the trial court. We affirm.

## BACKGROUND

In 2007, Richard Davis filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and appellee, William G. West ["the Trustee"], was named the Chapter 7 Trustee. West filed an adversary proceeding against appellant, Philippe Tanguy, and two businesses owned and operated by him, Air Express, LLC and

Air Express, LP [collectively, "appellants"], based on a promissory note that appellants had issued to Davis in conjunction with the purchase of an airplane, which had since become a part of Davis's bankruptcy estate. The Bankruptcy Court entered a judgment in favor of the Trustee in the amount of $1,183,090.80 for the principal and interest on the note, plus $31,180.75 in attorney's fees. *See West v. Tanguy* (*In re* Davis), Bankruptcy No. 07-33986-H3-7, 2010 WL 1330232 (Bankr. S.D. Tex. Mar. 30, 2010).

Appellants appealed to the U.S. District Court, which (1) concluded that *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011)[1] was not applicable to the appeal, (2) affirmed the Bankruptcy Court's opinion and dismissed the appeal; and (3) assessed fees and costs against appellants for filing a frivolous appeal. *See Tanguy v. West* (*In re* Davis), No. H-10-1194, 2012 WL 2871662 (S.D. Tex. July 10, 2012).

Appellants appealed to the Court of Appeals for the U.S. Fifth Circuit, which (1) held that *Stern* did not apply, and the bankruptcy and district courts had both properly exercised jurisdiction, and (2) affirmed the district court's judgment and adopted its analysis in full; appellants' subsequent petition for certiorari to the

---

[1] *Stern* held that the bankruptcy court lacked subject matter jurisdiction over counterclaims asserted by the bankruptcy estate against a creditor when the claim is a "state law action independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in the bankruptcy." 564 U.S. at 487, 131 S. Ct. at 2611. Instead, such claims had to be resolved by an Article III court. *Id.*

United States Supreme Court was denied. *See Tanguy v. West*, 538 F. App'x 440 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1002 (2014).

The Trustee then domesticated the federal court's judgment in the 270th District Court of Harris County. *See, e.g.*, *Tanner v. McCarthy*, 274 S.W.3d 311, 318–20 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that foreign judgment that may be domesticated under Chapter 35 of Texas Civil Practices and Remedies Code includes judgment of federal court located in Texas). PTRE Holdings, L.P. ["PTRE"] intervened seeking to recover money it paid to Tanguy for mortgage payments on and improvements to real property located at 1714 Driscoll Street, Harris County, Texas.

The trial court entered three orders complained of on appeal. On April 25, 2014, the trial court signed an Order Granting Turnover and Appointing Receiver and Master, which appointed Eva Engelhart as the Receiver ["the Receiver Order"], and also made her master in chancery. On May 30, 2014, the trial court signed an Order to Compel Turnover of Non-Exempt Real Estate ["the Turnover Order"], specifically, the real property located at 1714 Driscoll Street. And, on October 10, 2014, the trial court entered its Third Amended Order to Sell Property at 1714 Driscoll Street. ["the Sale Order"].

On appeal, appellants challenge these three orders, contending that:

(1) The bankruptcy court judgment on which the trial court's orders were based is void for lack of Article III subject matter jurisdiction

4

under the United States Constitution, is subject to collateral attack, and requires dismissal.

(2) Real property subject to execution and sale by ordinary legal process cannot serve as a basis for a turnover order appointing a receiver. The credit against judgment to be received by the judgment debtor for the sale of such property cannot be reduced by receiver broker fees and costs.

(3) The [Receiver Order] failed to specifically describe any property to be turned over and must be reversed.

(4) The [Receiver Order, Turnover Order, and Sale Order] are not supported by any proof that the debtors (Tanguy, 13500 Air Express, LLC and 13500 Air Express, LP) own any non-exempt property which is not subject to sale by ordinary legal process.

(5) The [Receiver Order, Turnover Order, and Sale Order] are not supported by legally or factually sufficient evidence that the debtors (Tanguy, 13500 Air Express, LLC and 13500 Air Express, LP) own any non-exempt property which is not subject to sale by ordinary legal process.

(6) Appellants, Tanguy, 13500 Air Express, LLC and 13500 Air Express, LP and [Intervenor] PTRE Holdings, L.P., were entitled to a Jury Trial on the contested fact issues raised by their answer, counterclaim, and intervention petition.

(7) The trial court's [Receiver Order, Turnover Order, and Sale Order] appointing the receiver a master, appointing a biased receiver, and awarding a 25% receiver's fee without proof of reasonableness were an abuse of discretion.

## COLLATERAL ATTACK ON BANKRUPTCY JUDGMENT

In their first issue on appeal, appellants contend that the bankruptcy court judgment is void, and that, therefore, the domesticated judgment is likewise void. Specifically, appellants claim that the "Bankruptcy Judge signed a judgment

5

disposing of Tanguy's common law and statutory private claims and defenses over which that Judge had no Article III jurisdiction under the United States Constitution."

However, appellants raised this jurisdictional argument both in the U.S. District Court and on appeal to the U.S. Court of Appeals for the Fifth Circuit, where the issue was resolved against them. *See In re Davis*, 538 F. App'x. at 443 ("We are unpersuaded by Tanguy's argument that neither the bankruptcy court, the district court, nor this Court have subject matter jurisdiction over these proceedings . . . ."). When a federal court has decided the question of its jurisdiction as a contested issue, a state court has no power, in the absence of allegations of fraud, to inquire again into such question. *See Stoll v. Gottlieb*, 305 U.S. 165, 172, 59 S. Ct. 134, 138 (1938); *see also Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1052–53 (5th Cir. 1987).

Because the issue of the bankruptcy court's jurisdiction was fully tried in the federal courts, the issue cannot be retried here. *See Stoll*, 305 U.S. at 172, 59 S. Ct. at 138; *see also Durfee v. Duke*, 375 U.S. 106, 111–12, 84 S. Ct. 242, 245 (1963) (applying *Stoll* even when jurisdiction was fully litigated in sister state court rather than federal court); *Baker & Taylor Drilling Co. v. Amend*, 438 S.W.2d 144, 149 (Tex. Civ. App.—Amarillo 1969, writ ref'd n.r.e.) (refusing to address issue of federal court's jurisdiction when that issue had been decided by both federal

district court and federal court of appeals). As such, appellants' collateral attack on the bankruptcy court's judgment fails.

We overrule appellants' first issue on appeal.

## COMPLIANCE WITH TURNOVER STATUTE

In issues two, four, and five, appellants contend the trial court abused its discretion in entering the Receiver Order, the Turnover Order, and the Sale Order. Appellants contend that the Receiver Order, and the subsequent orders based thereon, were erroneously entered because there was no evidence that all three orders, as they relate to the house at 1714 Driscoll Street, are erroneous because 1714 Driscoll Street is real property located within Texas, and, as such, may be readily attached or levied on by ordinary legal process. *See Suttles v. Vestin Realty Mortg. I, Inc.*, 317 S.W.3d 412, 418 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Appellant's counsel indicated to the trial court that he would prefer to sell the property by ordinary legal process, i.e., a sheriff's sale, because he believed his clients would recover more money to go toward the judgment if they did not have to pay a receiver's fee or a broker's fee.

However, on May 3, 2016, while this case was pending on appeal, the Constable's Office, after issuing a Notice of Sale and Levy on the Driscoll Property, sold it at an execution sale without incurring the fees of a receiver. A case becomes moot if at any stage there ceases to be an actual controversy between

7

the parties. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999).

This sale of the Driscoll Property by ordinary legal process renders issues two,

four, and five moot because it extinguishes the only controversy between the

parties that was raised in appellants' brief relating to those issues.

Accordingly, we dismiss issues two, four, and five as moot.

## SPECIFICITY OF TURNOVER ORDER

In issue three, appellants contend the Turnover Order must be reversed

because it "failed to specifically describe any property to be turned over[.]" We

disagree. "[S]ection 31.002 does not require that a judgment creditor seeking a

turnover order identify all, or even any, of the judgment debtor's assets that are to

be the subject of the turnover order, nor does the statute require the trial court to

identify the specific property subject to turnover in its turnover order." *Tanner v.*

*McCarthy*, 274 S.W.3d 311, 321 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Accordingly, we overrule issue three.

## RIGHT TO JURY TRIAL

In issue six, appellants and the intervenor, citing *Steenland v. Tex.*

*Commerce Bank N.A.*, 648 S.W.2d 387, 390 (Tex. App—Tyler 1983, writ ref'd

n.r.e).[2] contend that they were entitled to a jury trial because there was a fact issue

---

[2]    In *Steenland*, the Tyler Court of Appeals held that the judgment debtor was entitled to a jury trial to determine the excess nonexempt value of his homestead. 648 S.W.2d at 390.

as to whether the real property at 1714 Driscoll Street was "not subject to sale under ordinary legal process." For the same reason we dismissed issues two, four, and five as moot, we also dismiss issue six.

## APPOINTMENT OF MASTER IN CHANCERY

In issue seven, appellants contend the Receiver Order, the Turnover Order, and the Sale Order are abuses of discretion because, in the Receiver Order the trial court also gave the receiver the powers of a master in chancery. However, this Court has held that we have no appellate jurisdiction to consider an order appointing a master in chancery, even when such order is embedded within a turnover-and-receivership order. *See Sheikh v. Sheikh*, 248 S.W.3d 381, 394 (Tex. App.—Houston [1st Dist.] 2007, no pet.) We note, as this Court did in *Sheikh*, that, inasmuch as we have reversed the orders complained of, the trial court, on remand, may reconsider whether the receiver should also be appointed master in chancery. *See id*. at 394–95.

We dismiss issue seven for lack of jurisdiction.

## CONCLUSION

We reject appellants' collateral attack on the bankruptcy court judgment. We dismiss issues two, four, five, and six as moot. We dismiss issue seven for lack of jurisdiction.

9

Having either dismissed or overruled all of appellants' issues on appeal, we affirm the trial court's orders.


         Sherry Radack
         Chief Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.